1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHANNON ANDERSEN,<br><br>                   Plaintiff,<br><br>       v.<br><br>NATIONAL ASSOCIATION OF LETTER CARRIERS, a labor organization, and NATIONAL ASSOCIATION OF LETTER CARRIERS, BRANCH 79, a labor organization, and UNITED STATES POSTAL SERVICE, and LOUIS DEJOY, POSTMASTER OF THE UNITED STATES,<br><br>                   Defendant. | CASE NO. 2:20-cv-01678-RSM<br><br>STIPULATION AND ORDER TO CONTINUE DEADLINES |

     Plaintiff Shannon Andersen and Defendants National Association of Letter Carriers, National Association of Letter Carriers, Branch 79 and Louis DeJoy, Postmaster General of the United States Postal Service, hereby jointly stipulate and move for a six-month extension of the remaining case deadlines, including the trial date.

     A court may modify a schedule for good cause. Fed. R. Civ. P. 16(b)(4). Continuing pretrial and trial dates is within the discretion of the trial judge. *See King v. State of California*, 784 F.2d 910, 912 (9th Cir. 1986).

     The parties submit there is good cause for an extension of the deadlines. Defendants

STIPULATION AND ORDER TO
CONTINUE DEADLINES – 1

contend that they lack basic information about plaintiff's claims.  Plaintiff responds that defendants are fully aware that the Defendant Union's arbitration of Plaintiff's removal grievance was not successful as the arbitrator concluded that the grievance was untimely, and thus, there has been no legal determination as to the lack of just cause for Plaintiff's removal and end of her postal career.

As set forth in their motions to dismiss, defendants contend that plaintiff has not stated a claim against any of the defendants and that her complaint does not include essential information such as what contract provision she claims the Postal Service violated, or the basis for her claim that her labor union discriminated against her. Dkt. #8, 10.  Those motions have been fully briefed by all parties; each has been diligent in doing so as their motions to dismiss were filed in January and February, 2021.

Defendants subsequently propounded written discovery requests to plaintiff to ascertain the basis for her claims and her claimed evidence in support.  Although the deadline to respond to those requests has passed and defendants have not granted plaintiff an extension of time to respond, plaintiff has not produced any responses or documents to defendants' discovery requests.  Plaintiff states that due to several unanticipated events including the past two weeks' need to provide support to a friend on a medically urgent situation, counsel anticipates getting an initial response on all sets of discovery by week's end.   Moreover, all parties had informally stayed depositions pending resolution of the motions to avoid unnecessary expenses.   Therefore, good cause exists because defendants would suffer prejudice if they were required to comply with quickly approaching deadlines without knowing the nature of and basis for plaintiff's claims.

Based on the foregoing, the parties agree to extend the current deadlines as follows:

|  | **CURRENT DEADLINES** | **NEW DEADLINES** |
|---|---|---|
| **Disclosure of expert testimony under FRCP 26(a)(2)** | November 17, 2021 | May 17, 2022 |
| **Deadline for filing motions related to discovery.** | December 17, 2021 | June 17, 2022 |

STIPULATION AND ORDER TO
CONTINUE DEADLINES – 2

| | | |
|---|---|---|
| **Any such motions shall be noted for consideration pursuant to LCR 7(d)(3)** | | |
| **Discovery completed by** | January 18, 2022 | July 18, 2022 |
| **All dispositive motions must be filed by and noted on the motion calendar no later than the fourth Friday thereafter (see LCR 7(d))** | February 15, 2022 | August 15, 2022 |
| Mediation per LCR 39.1(c)(3), **if requested by the parties**, held no later than | April 1, 2022 | October 3, 2022 |
| **All motions in limine must be filed by and noted on the motion calendar no later than the THIRD Friday thereafter** | April 18, 2022 | October 18, 2022 |
| **Agreed pretrial order due** | May 4, 2022 | November 4, 2022 |
| **Pretrial conference to be scheduled by the Court** | | |
| **Trial briefs, proposed voir dire questions, jury instructions, neutral statement of the case, and trial exhibits due** | May 11, 2022 | November 11, 2022 |
| **5 DAY BENCH TRIAL** | May 16, 2022 | November 16, 2022 |

STIPULATION AND ORDER TO
CONTINUE DEADLINES – 3

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED this 28th day of October, 2021.

*s/ Patricia S. Rose*
PATRICIA S. ROSE, WSBA #19046
1455 NW Leary Way, Suite 400
Seattle, WA 98107
T: 206-622-8964 / F: 206-694-2695
E: patty@pattyroselaw.com
Attorney for Plaintiff


NICHOLAS W. BROWN
United States Attorney

*s/ Sarah K. Morehead*
SARAH K. MOREHEAD, WSBA #29680
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101
T:  206-553-7970
E: sarah.morehead@usdoj.gov
Attorney for Federal Defendants


*s/ Kate M. Swearengen*
KATE M   SWEARENGEN, *Admitted Pro Hac Vice
COHEN, WEISS AND SIMON LLP
900 Third Avenue, Suite 2100
New York, NY 10022-4869
T: (212) 563-4100
E: kswearengen@cwsny.com
Attorney for Union Defendants


*s/ Benjamin Berger*
BENJAMIN BERGER, WSBA #52909
BARNARD IGLITZIN & LAVITT LLP
18 W Mercer St, Suite 400
Seattle, WA 98119
T:   (206) 257-6006
E: Berger@workerlaw.com
Attorney for Union Defendants


STIPULATION AND ORDER TO
CONTINUE DEADLINES – 4

# ORDER

It is hereby so **ORDERED** that the deadlines are continued as set forth in the stipulation between the parties. A revised case scheduling order consistent with the stipulation of the parties will be issued.

DATED this 1st day of November, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE